**FILED & ENTERED**

**OCT 16 2013**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT W. HUNT, M.D., a medical corporation,<br><br>                    Debtor.<br>_____<br>DAVID M. GOODRICH, Chapter 7 Trustee,<br><br>                    Plaintiff,<br>          v.<br><br>PELI POPOVICH HUNT, individually and as Trustee of the Robert and Peli Hunt Living Trust,<br><br>                    Defendant. | Case No. 2:11-bk-58228 ER<br><br>Chapter 7<br><br><br><br>Adv. No. 2:12-ap-01988 ER<br><br>MEMORANDUM OF DECISION REGARDING DEFENDANTS' RIGHT TO JURY TRIAL |

     On July 17, 2013, the Court entered an Order Vacating Trial Date and Setting Briefing Schedule on Issue of Defendants' Right to Jury Trial ("Order"). Pursuant to the Order, the Court, in part, required

briefing on the issue of Defendants' right to a jury trial on the remaining issues to be tried, which the Court identified as declaratory relief claims regarding:

1. whether Defendant, Peli Hunt ("P. Hunt") in her capacity as an individual interfered with the chapter 7 trustee's ("Trustee") administration of assets of the estate by unreasonably and improperly exercising dominion and control over property of the estate;

2. whether P. Hunt's actions violated 11 U.S.C. § 362(a)(3); and

3. whether the accounts receivable and medical liens at issue are property of the estate or of the Robert and Peli Hunt Living Trust ("Trust").

The Court took this issue under submission as of September 17, 2013.

**I**
**SUMMARY OF BRIEFS**

**A. Defendants' Brief.**

Defendants' Brief is unclear and difficult to understand. Defendants appear to make substantive arguments regarding the issues set forth above (i.e., Debtor asserts that the accounts receivables were assigned to the Robert and Peli Hunt Living Trust ("Trust")), and to object to issues already determined by the Court (i.e., issues regarding the Trustee's bond and the sustaining of the proof of claim of certain doctors). Defendants' Brief at 5, 7, 9, 12-13 and 16. These arguments and objections are irrelevant to the issue of whether Defendant is entitled to a jury trial. Notwithstanding, it appears that Defendants' main argument supporting the jury trial demand is that this action involves contracts, and that the "right to a jury trial on a contract claim is an undeniable right." Defendants' Brief

-2-

at 12 (citation omitted). Defendants appear to identify the contracts at issue as those "arising out of employment disputes [with] the creditor doctors," and accounts receivables.  Defendants' Brief at 2, 3, 6 and 13.

**B. The Trustee's Brief.**

In response, the Trustee asserts that Defendants' Brief is nonresponsive to the issue of their entitlement to a jury trial with respect to the issues identified in the Order. The crux of this action is to prevent P. Hunt from interfering with the accounts receivable and lien claims which Debtor scheduled as assets of the estate.  The Trustee believes that it is clear from Defendants' Brief, however, that Defendants wish to relitigate the issues which P. Hunt lost in state court against certain doctors, who ultimately obtained a $3.5 million judgment against her and the Debtor.  See Defendants' Brief at 2; Trustee's Brief at 5.

The Trustee argues that a jury trial is not warranted herein, because the "underlying matters to be tried are all statutory and/or equitable claims for which there would be no right to a jury trial under federal law if they had been filed in a federal non-bankruptcy proceeding."  Trustee's Brief at 5. The Trustee further contends that this action is akin to a quiet title action, because he is seeking a "judicial determination that his title [in the account receivables and lien claims] is paramount, free of the adverse claims."  Trustee's Brief at 6.  Because the declaratory relief claims are equitable in nature, no right to a jury trial exists.

-3-

**II**
**DISCUSSION**

As noted above, the only discernible basis for a jury trial asserted by Defendants is that this adversary proceeding involves contract claims and that there is an "undeniable" right to a jury trial in a contract action. However, there are no contract claims asserted by the Trustee against Defendant; rather, this action seeks to stop P. Hunt from interfering with the Trustee's administration of accounts receivables and liens claims.  Moreover, the mere, *possible* involvement of "contracts arising out of employment disputes as [to] the creditor doctors," and/or accounts receivables which the Defendant refers to as "simple contracts" does not give rise to a right to a jury trial. Defendant's Brief at 2 and 6.  "A party has a Seventh Amendment right to [a] jury trial in a breach of contract action to determine whether the contract has been breached and the extent of the damages." Infor Global Solutions (Michigan), Inc. v. St. Paul Fire and Marine Ins.Co., 2009 WL 5909257 *1 (N.D.Cal.) (citations omitted). There are no allegations of breach or damages asserted herein.

Moreover, the right to a jury trial attaches to legal claims, "whereas no right to a jury exists for equitable claims.  In determining whether the jury right attaches to a particular claim for relief, courts consider whether the rights and remedies at stake are legal or equitable in nature." Openwave Systems Inc. v. Myriad France S.A.S., 2011 WL 2580991 *1 (N.D.Cal.).  The Court agrees with the Trustee that the remaining declaratory relief claims identified in the Order and set forth above are more akin to a quiet title action and are, therefore, equitable in nature.  Specifically, the Trustee

-4-

essentially seeks to prevent P. Hunt from interfering with the administration of account receivables and lien claims, by obtaining a determination that these assets do not belong to her and/or the Trust. This is similar to a quiet title action because the Trustee "seeks a judicial determination that his title is paramount, free of the adverse claims." Trustee's Brief at 6. Because only an equitable claim is involved herein, there is no right to a jury trial. Openwave, 2011 WL 2580991 *2 (holding that no jury trial attached to claim which was similar to quiet title claim).

### III
### CONCLUSION

Based on the foregoing, the Court finds that Defendant has no right to a jury trial herein. The Court shall prepare an order consistent with this Memorandum of Decision.

###

Date: October 16, 2013

Ernest M. Robles
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM OF DECISION REGARDING DEFENDANTS' RIGHT TO JURY TRIAL was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of October 15, 2013, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

David M Goodrich (TR)    trusteedg@marshackhays.com, c116@ecfcbis.com;aconnell@marshackhays.com;dmg@trustesolutions.net

David Gould    dgould@gglawllp.com

Kelly L Pexton    kelly@pextonlaw.com, kelly.pexton@hotmail.com

James R Selth    jim@wsrlaw.net, jselth@yahoo.com;megan@wsrlaw.net

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Robert L Jarrett
106 1/2 Judge John Aiso #202
Los Angeles, CA 90012

Franklin P Jeffries
106 1/2 Judge John Aiso Ste 340
Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page